UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOAH R. JORDAN,<br>on behalf of himself and all others<br>similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>PETCO HEALTH AND WELLNESS<br>COMPANY, INC., t/d/b/a PETCO,<br><br>      Defendant. | CIVIL ACTION NO. 2:21-cv-01858-WSS |

**<u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 3

III. LEGAL STANDARD ........................................................................................................... 5

IV. ARGUMENT ........................................................................................................................ 6

    A. The Tax Injunction Act Does Not Apply to This Action......................................... 6

    B. This Court Should Decline to Remand This Action Based on Principles of Comity ................................................................................................ 9

    C. The Tax Injunction Act and Principles of Comity Also Do Not Apply Because Plaintiff Agreed to Arbitrate This Dispute............................................................. 13

V. CONCLUSION ................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brinkmann v. AMB Onsite Servs.–West, Inc.*,
    No. 17-0478, 2017 WL 2901932 (D. Ore. June 30, 2017) ...................................................... 8

*Colo. River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976) ............................................................................................................... 9

*Dart Cherokee Basin Operating Co. v. Owens*,
    574 U.S. 81 (2014) ................................................................................................................. 5

*Direct Mktg. Ass'n v. Brohl*,
    575 U.S. 1 (2015) ................................................................................................................ 2, 6

*Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*,
    191 F.3d 297 (2d Cir. 1999) ................................................................................................... 7

*Dunn v. Carey*,
    808 F.2d 555 (7th Cir. 1986) ................................................................................................. 6

*McLean v. Big Lots Inc.*,
    No. 20-2000, 2021 WL 2317417 (W.D. Pa. June 7, 2021) .................................................. 10

*McLean v. Big Lots Inc.*,
    No. 20-2000 (W.D. Pa. Mar. 17, 2021), Dkt. No. 62 .............................................. 2, 5, 6, 7, 8

*Fair Assessment in Real Est. Ass'n, Inc. v. McNary*,
    454 U.S. 100 (1981) ............................................................................................................ 2, 9

*Farneth v. Wal-Mart Stores, Inc.*,
    No. 13-1062, 2013 WL 6859013 (W.D. Pa. Dec. 30, 2013) ........................................... 11, 12

*Feldman v. H.A. Berkheimer, Inc.*,
    637 F. App'x 63 (3d Cir. 2016) ............................................................................................ 10

*Fredrickson v. Starbucks Corp.*,
    840 F.3d 1119 (9th Cir. 2016) ................................................................................................ 8

*Great Lakes Dredge & Dock Co. v. Huffman*,
    319 U.S. 293 (1943) .............................................................................................................. 11

*Hibbs v. Winn*,
    542 U.S. 88 (2004) ............................................................................................................. 6, 8

*In re Jackson Cnty.*,
    834 F.2d 150 (8th Cir. 1987) ..................................................................................................6

*James v. Aldi, Inc.*,
    No. 21-0209, 2021 WL 2896837 (W.D. Pa. July 9, 2021) ......................................................10

*Jefferson Cnty. v. Acker*,
    527 U.S. 423 (1999)..................................................................................................................6

*Koufos v. U.S. Bank, N.A.*,
    939 F. Supp. 2d 40 (D. Mass. 2013), *amended in part* (July 1, 2013).....................................3

*Levin v. Com. Energy, Inc.*,
    560 U.S. 413 (2010).....................................................................................................9, 11, 12

*Lisowski v. Walmart Stores, Inc.*,
    No. 20-1729, 2021 WL 3406659 (W.D. Pa. Aug. 4, 2021).....................................................10

*Lisowski v. Walmart Stores, Inc.*,
    No. 20-1729, 2021 WL 62627 (W.D. Pa. Jan. 7, 2021) ................................................ *passim*

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983)....................................................................................................................13

*Orange Cnty. v. Expedia, Inc.*,
    440 F. Supp. 2d 1341 (M.D. Fla. 2006) ...................................................................................7

*Ranalli v. Etsy.com, LLC*,
    No. 21-0088, 2021 WL 5166568 (W.D. Pa. Nov. 5, 2021).....................................................10

*In re Shop-Vac Mktg. & Sales Pracs. Litig.*,
    964 F. Supp. 2d 355 (M.D. Pa. 2013) .......................................................................................3

*Sipe v. Amerada Hess Corp.*,
    689 F.2d 396 (3d Cir. 1982)....................................................................................... 2, 8, 9, 11

*Smith v. Ayotte*,
    356 F. Supp. 2d 9 (D.N.H. 2005)..............................................................................................7

*Standard Fire Ins. Co. v. Knowles*,
    568 U.S. 588 (2013)..................................................................................................................5

*Trading Co. of N. Am. v. Bristol Twp. Auth.*,
    47 F. Supp. 2d 563 (E.D. Pa. 1999) .......................................................................................11

*In re Twisteroo Soft Pretzel Bakeries, Inc.*,
    21 B.R. 665 (Bankr. E.D. Pa. 1982) ......................................................................................10

*United Gas Pipe Line Co. v. Whitman*,
 595 F.2d 323 (5th Cir. 1979) ...........................................................................................8

*In re Wal-Mart Stores, Inc.*,
 No. 09-8039, 2009 WL 7823752 (7th Cir. Nov. 12, 2009) ...............................6, 7, 8

*Waters v. Home Depot USA, Inc.*,
 446 F. Supp. 3d 484 (E.D. Mo. 2020)......................................................................7, 9, 12

*Z & R Cab, LLC v. Phila. Parking Auth.*,
 616 F. App'x 527 (3d Cir. 2015) ....................................................................................12

**Statutes**

72 P.S. §§ 7252–53 ..............................................................................................................1

72 P.S. § 10003.1 .................................................................................................................1

9 U.S.C. § 3.........................................................................................................................13

9 U.S.C. § 4.........................................................................................................................13

28 U.S.C. § 1332...................................................................................................................5

28 U.S.C. § 1341...............................................................................................................6, 8

Class Action Fairness Act, Pub. L. 109-2, 119 Stat. 5 (2005) ............................... *passim*

**Other Authorities**

S. Rep. No. 109-14 (2005) ...................................................................................................5

## I.  INTRODUCTION

Plaintiff Noah R. Jordan ("Plaintiff") alleges that Defendant Petco Health and Wellness Company, Inc. ("Petco") "overcharged" him Pennsylvania sales tax in connection with his purchase of dog food. Compl. ¶¶ 4, 15. Plaintiff's complaint ("Complaint") contains six counts against Petco: (1) Conversion and Misappropriation; (2) Breach of Constructive Trust or Agency; (3) Injunction; (4) Unjust Enrichment; (5) Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); and (6) Violation of Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"). *Id.* ¶¶ 20–66. The Commonwealth of Pennsylvania is not a party to this dispute between private parties.

Plaintiff does not challenge the Commonwealth's authority to assess and collect taxes; nor does he challenge the validity of any Pennsylvania state tax law. Plaintiff also does not invoke the statutory procedure available to him for seeking a refund of any overpaid sales tax that would make him whole. *See* 72 P.S. §§ 7252–53, 10003.1. Instead, Plaintiff seeks, on behalf of a putative class, statutory damages for alleged violations of the UTPCPL, compensatory and punitive damages under common law, and equitable relief exclusively from Petco. Plaintiff seeks no relief that would, in any way, interfere with Pennsylvania's collection of sales tax.

Nevertheless, in his Motion to Remand (the "Motion"), Plaintiff argues that this action should be remanded to state court based on the Tax Injunction Act ("TIA") or the discretionary doctrine of federal comity. Mot. to Remand ¶¶ 9–15, Dkt. No. 6. Neither doctrine is implicated by the claims and relief sought in Plaintiff's Complaint, as confirmed by two recent decisions from courts in this District in substantially similar cases. *See Lisowski v. Walmart Stores, Inc.*, No. 20-1729, 2021 WL 62627, at *2 (W.D. Pa. Jan. 7, 2021) (Ranjan, J.); Order, *McLean v. Big Lots Inc.*,

No. 20-2000 (W.D. Pa. Mar. 17, 2021), Dkt. No. 62 (Horan, J.).  The same result is warranted here.[1]

The TIA precludes federal courts from exercising jurisdiction only when they are asked to enjoin a state from "assess[ing], levy[ing], or collect[ing]" taxes.  *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 14 (2015).  But Plaintiff does not seek to preclude the Commonwealth from collecting sales tax.  Plaintiff claims that a portion of the sales tax he allegedly paid in connection with his purchase should not have been collected under Pennsylvania law.  Plaintiff only seeks to enjoin Petco from "overcharging" sales tax.  *See* Compl. ¶¶ 15, 32–41.  The relief requested by Plaintiff "would have no effect on the Commonwealth's coffers" because the taxes were allegedly never due.  *Lisowski*, 2021 WL 62627, at *2.  The TIA therefore does not apply.

Abstention based on principles of comity is likewise inapplicable.  A federal court may decline jurisdiction under the doctrine of comity only when a taxpayer challenges a state's taxing authority or "the validity of the state tax system."  *Sipe v. Amerada Hess Corp.*, 689 F.2d 396, 404 (3d Cir. 1982); *see also Lisowski*, 2021 WL 62627, at *2  (citing *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 106–07 (1981)).  Plaintiff does not challenge the validity of Pennsylvania's state tax system; he is instead seeking to enforce it.  The doctrine of comity therefore does not apply.

Plaintiff's Motion should be denied.

---

[1] Notably, Plaintiff does not reference either decision in his Motion even though Plaintiff's counsel—and the firm at which Plaintiff is an attorney—represents the plaintiff in *Lisowski* and appealed the district court's decisions denying remand and dismissing the claims on the merits.  Plaintiff likewise failed to inform this Court that his TIA and comity arguments have been fully briefed in the appeal.  *Lisowski v. Walmart Stores, Inc.*, No. 21-8004 (3d Cir.).

2

## II. BACKGROUND

Plaintiff filed this putative class action in the Court of Common Pleas of Allegheny County, Pennsylvania on November 8, 2021. *See* Notice of Removal, Dkt. No. 1, Ex. A. In his Complaint, Plaintiff alleges that Petco "was required, but failed, to deduct the amount of the coupons tendered from the taxable portion of [the] purchase price," and therefore purportedly "overcharges, continues to overcharge, and has in the past overcharged sales tax to Pennsylvania consumers in violation of Pennsylvania Tax Law, Regulations, and Guidance." Compl. ¶¶ 13, 15. Based on these allegations, Plaintiff asserts six counts against Petco: (1) Conversion and Misappropriation; (2) Breach of Constructive Trust or Agency; (3) Injunction;[2] (4) Unjust Enrichment; (5) Violation of the UTPCPL; and (6) Violation of the FCEUA. *Id.* ¶¶ 20–66.

Petco timely removed this action to this Court under the Class Action Fairness Act ("CAFA") on December 23, 2021. *See* Dkt. No. 1. Petco has moved to compel individual arbitration because Plaintiff agreed to arbitrate this dispute when he elected to join Petco's Pals Rewards Program. Def.'s Mot. to Compel Arbitration, Dkt. Nos. 10, 11 (the "Motion to Compel Arbitration").

On December 28, 2021, Plaintiff moved to remand. In the Motion, Plaintiff does not challenge jurisdiction under CAFA. Instead, he argues that his Complaint should be remanded under the TIA and principles of comity even though Plaintiff has not brought claims against the Commonwealth, and does not challenge Pennsylvania's sales tax laws and regulations.

---

[2]   While Plaintiff has asserted a "claim" for "Injunction," Compl. ¶¶ 32–41, injunctive relief is a remedy and not a cause of action. *In re Shop-Vac Mktg. & Sales Pracs. Litig.*, 964 F. Supp. 2d 355, 365 (M.D. Pa. 2013) ("[I]njunctive relief is a remedy, not an independent cause of action."); *Koufos v. U.S. Bank, N.A.*, 939 F. Supp. 2d 40, 46 (D. Mass. 2013), *amended in part* (July 1, 2013) ("An injunction is not a cause of action, but a remedy.").

Noticeably absent from Plaintiff's Motion is any reference to two recent decisions from courts in this District that are squarely on point. On October 7, 2020, Plaintiff's counsel, on behalf of a different individual, filed a similar putative class action in state court against a retailer for the alleged improper collection of sales tax. *Lisowski v. Walmart Stores, Inc.*, No. 20-1729 (Nov. 12, 2020 W.D. Pa.), Dkt. No. 1, Ex. A ¶¶ 19–39 (asserting claims for conversion, unjust enrichment, breach of constructive trust, and under the UTPCPL). After that action was removed to the Western District of Pennsylvania, Plaintiff's counsel filed a motion to remand that is nearly identical to the Motion filed in this action.[3]

Plaintiff's counsel argued in that case, as they do here, that the TIA and principles of comity required the court to relinquish its CAFA jurisdiction. *Lisowski*, 2021 WL 62627 at *1–*3. In a well-reasoned decision that follows the rulings of numerous courts in similar cases, Judge J. Nicholas Ranjan denied the plaintiff's motion to remand. The court held that the TIA does not apply because (like here) "[t]he complaint . . . does not seek an injunction ordering the Commonwealth of Pennsylvania or any other taxing authority to suspend the collection of any tax" and "the Commonwealth of Pennsylvania is not a defendant." *Id.* at *1. The court also concluded that even if the TIA could apply between private parties, the complaint was not "seeking an injunction to reduce [Plaintiff's] tax liability," but (again like here) an injunction against a private party "to stop further unlawful conduct" that falls outside the scope of the TIA. *Id.* at *2. The court further concluded that principles of comity do not apply because (like here) "there is no challenge as to the validity of any tax provision." *Id.* at *3. Shortly after this decision, Judge

---

[3]    *Compare Lisowski* Motion for Remand (Nov. 17, 2020), Dkt. No. 11, attached hereto as Exhibit A, *with* Motion, Dkt. No. 6.

4

Marilyn J. Horan adopted Judge Ranjan's reasoning and denied a motion to remand in a substantially similar case. Order, *McLean*, No. 20-2000, Dkt. No. 62.

Significantly, Plaintiff's counsel sought leave to file an interlocutory appeal in *Lisowski* in connection with the denial of their motion to remand. *Lisowski v. Walmart Stores, Inc.*, No. 21-8004 (3d Cir. Jan. 19, 2021), Dkt. No. 1. The Third Circuit denied this request. *Id.*, Dkt. No. 9. On August 13, 2021, after the court granted the defendant's motion to dismiss the complaint, Plaintiff's counsel appealed both the remand order and the order dismissing the complaint in that action. *Lisowski v. Walmart Stores, Inc.*, No. 21-2501 (3d Cir.), Dkt. No. 1. That appeal has been fully briefed and remains pending.

### III.     LEGAL STANDARD

CAFA grants federal courts diversity jurisdiction over putative class actions that were commenced on or after February 18, 2005, and that have 100 or more class members, minimal diversity, and an amount in controversy that exceeds $5,000,000. *See* 28 U.S.C. §§ 1332 note; 1332(d); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). Its "primary objective [is to] ensur[e] '[f]ederal court consideration of interstate cases of national importance.'" *Standard Fire Ins. Co.*, 568 U.S. at 595 (quoting Pub. L. 109-2, § 2(b)(2), 119 Stat. 5 (2005)). CAFA's "**provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant**." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (emphasis added) (quoting S. Rep. No. 109-14, at 43 (2005)).

The Supreme Court has rejected the suggestion (Mot. ¶¶ 5–7) that CAFA should be "strictly construed against removal" and all doubts concerning CAFA jurisdiction should be decided in favor of remand. *See id.,* at 89 ("We need not here decide whether such a presumption is proper in mine-run diversity cases. It suffices to point out that **no antiremoval presumption attends**

5

**cases invoking CAFA**, which Congress enacted to facilitate adjudication of certain class actions in federal court.") (emphasis added).

## IV. ARGUMENT

### A. The Tax Injunction Act Does Not Apply to This Action

The TIA provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law." 28 U.S.C. § 1341. This doctrine applies only to cases in which a taxpayer seeks to avoid tax liability or to prevent a state from collecting tax. *See Hibbs v. Winn*, 542 U.S. 88, 107 (2004) ("[T]his Court has interpreted and applied the TIA only in cases Congress wrote the Act to address, *i.e.*, cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes."); *Lisowski*, 2021 WL 62627, at *2 (holding the TIA was inapplicable because "[t]his isn't a lawsuit where the taxpayer is seeking an injunction to reduce his tax liability"); *accord* Order, *McLean*, No. 20-2000, Dkt. No. 62. The TIA did not abrogate the authority of federal courts to interpret and apply state tax laws. *See, e.g.*, *Direct Mktg. Ass'n*, 575 U.S. at 4 (holding the TIA did not apply to a lawsuit seeking to enjoin Colorado from "requiring retailers . . . to notify Colorado customers of their use-tax liability and to report tax-related information to customers and the Colorado Department of Revenue"); *Hibbs*, 542 U.S. at 110 (explaining the TIA does not apply to cases involving "constitutional challenges to tax benefits" (collecting cases)); *Jefferson Cnty. v. Acker*, 527 U.S. 423, 435 (1999) (holding the TIA does not bar suits to collect taxes); *In re Jackson Cnty.*, 834 F.2d 150, 151 (8th Cir. 1987) (same); *Dunn v. Carey*, 808 F.2d 555, 558 (7th Cir. 1986) (same).

In addition, the TIA does not apply to disputes between private parties. *See Hibbs*, 542 U.S. at 104 ("Third-party suits not seeking to stop the collection (or contest the validity) of a tax *imposed on plaintiffs* . . . were outside Congress' purview" in enacting the TIA.); *In re Wal-Mart Stores, Inc.*, No. 09-8039, 2009 WL 7823752, at *1 (7th Cir. Nov. 12, 2009) ("We have not found

another case where the parties even argued, let alone the court agreed, that the TIA prevented a private dispute from being adjudicated in federal court."); *Lisowski*, 2021 WL 62627, at *1 ("The Court is unaware of any precedential case, certainly in this Circuit, where the TIA has been applied to claims between private parties that did not seek to invalidate state tax laws or collection practices.").

Plaintiff is pursuing claims only against Petco. He has not sued the Commonwealth or the Department of Revenue.[4] Accordingly, because Plaintiff "isn't suing the state or one of its units for a tax refund," the TIA does not apply to Plaintiff's claims. *In re Wal-Mart Stores, Inc.*, 2009 WL 7823752, at *1; *Lisowski*, 2021 WL 62627, at *1 (holding the TIA did not apply to a putative class action asserting consumer and common law claims for alleged over-collection of sales tax under Pennsylvania law); Order, *McLean*, No. 20-2000, Dkt. No. 62 ("[T]his Court finds that the Tax Injunction Act and principles of comity would not apply to this case."); *Waters v. Home Depot USA, Inc.*, 446 F. Supp. 3d 484, 491 (E.D. Mo. 2020) ("This Court is only being asked to see that [the defendant] pays the tax actually imposed by Missouri law and, if necessary, refund overpayments to its customers. Such a case does not restrain either the assessment or collection of tax by Missouri; rather, it effectuates those efforts.").[5]

---

[4] Plaintiff argues that by suing Petco he is "effectively enjoin[ing] the collection of sales tax." Mot. ¶ 10. That is not the case. First, Plaintiff alleges that the sales tax was never due and cannot be collected under Pennsylvania law. Compl. ¶¶ 9–10, 13, 15; *see Lisowski*, 2021 WL 62627, at *2 (concluding that taxes not due have "no effect on the Commonwealth's coffers"). Second, to the extent Plaintiff suggests that an injunction entered against Petco (as the agent of the Commonwealth) would bind the Commonwealth, he is incorrect. *See Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 304 (2d Cir. 1999) (holding an injunction entered against an agent does not bind the principal).

[5] The cases cited by Plaintiff (at Dkt. No. 7 at 5–6) are readily distinguishable because state or local taxing authorities were parties to those actions. *See Orange Cnty. v. Expedia, Inc.*, 440 F. Supp. 2d 1341 (M.D. Fla. 2006) (case brought by county and its comptroller); *Smith v. Ayotte*, 356 F. Supp. 2d 9, 10 (D.N.H. 2005) (taxpayers sued the State Attorney General and members of the

Even if the TIA did somehow apply to a dispute between private parties, Plaintiff is not seeking to enjoin the collection of sales tax. Rather, Plaintiff contends that Petco "overcharges, continues to overcharge, and has in the past overcharged sales tax to Pennsylvania consumers in violation of Pennsylvania Tax Law, Regulations, and Guidance." Compl. ¶ 15. As a result, Plaintiff is seeking to stop alleged unlawful conduct premised on the collection of a sales tax "that [is not] owed to begin with" and therefore "would have no effect on the Commonwealth's coffers." *Lisowski*, 2021 WL 62627, at *2. The *Lisowski* court confirmed that the TIA does not apply because "[a]ny tax liability as between the taxpayer and the Commonwealth is not at issue." *Id.* ("The TIA is not implicated by the mere fact that, in the end, the Commonwealth may not receive tax money it is allegedly not owed (and allegedly does not claim to be owed) in the first place."). Here, Plaintiff likewise does not seek to "enjoin, suspend or restrain the assessment, levy or collection of any tax." 28 U.S.C. § 1341. Accordingly, the TIA simply does not apply. *Hibbs*, 542 U.S. at 107; *In re Wal-Mart Stores, Inc.*, 2009 WL 7823752, at *1; *Lisowski*, 2021 WL 62627, at *2; Order, *McLean*, No. 20-2000, Dkt. No. 62.

---

New Hampshire Board of Tax and Land Appeals); *Sipe*, 689 F.2d at 401 (New Jersey participated in the case and sought dismissal under the TIA); *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 324 (5th Cir. 1979) (taxpayer sued county tax collector). *Fredrickson v. Starbucks Corp.*, 840 F.3d 1119 (9th Cir. 2016) is also inapposite. In that case, while the Ninth Circuit (incorrectly) applied the TIA to a dispute between private parties, the plaintiffs sought to enjoin the defendant from withholding state and federal taxes from employees' cash tips. *Id.* at 1120, 1126. They, unlike Plaintiff, sought to avoid paying tax that was due. *Id.* at 1122. Here, "[the] injunctive relief that Plaintiff seeks merely precludes the state from receiving monies it was not entitled to receive in the first place." *Brinkmann v. AMB Onsite Servs.–West, Inc.*, No. 17-0478, 2017 WL 2901932, at *4 (D. Ore. June 30, 2017) ("Unlike *Fredrickson*, a determination in this case that Defendant incorrectly deducted the WBF assessment from employee's paychecks would not stop the flow of tax revenue into Oregon's coffers.").

**B.      This Court Should Decline to Remand This Action Based on Principles of Comity**

Plaintiff also seeks remand based on the doctrine of comity. Dkt. No. 7 at 4, 6–7. Comity principles, however, are not implicated because Plaintiff does not challenge the **validity** of a state tax. Nor does comity prevent this Court from interpreting and applying state tax law to resolve a dispute between private parties.[6]

Comity is a discretionary doctrine that provides for a limited exception to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). It permits district courts to decline jurisdiction in the rare instance in which they "are asked to pass on the constitutionality of state taxation of commercial activity" or to interfere with the state's enforcement of its tax code. *See Levin v. Com. Energy, Inc.*, 560 U.S. 413, 421 (2010). Thus, it is well established that, under this doctrine, a court may abstain from hearing a case within its jurisdiction only "where taxpayers are challenging the validity of a tax law, such as a broad attack on a tax statute for violating federal statutory or constitutional rights." *Lisowski*, 2021 WL 62627, at *2 (citing *Fair Assessment in Real Estate Ass'n, Inc.*, 454 U.S. at 106; *Sipe*, 689 F.2d at 403; *see also Fair Assessment in Real Estate Ass'n, Inc.*, 454 U.S. at 116 ("[T]axpayers are barred by the principle of comity from asserting § 1983 actions against **the validity of state tax systems** in federal courts." (emphasis added)).

The doctrine of comity does not apply where, as here, a case involves consumer protection and common law claims, even if resolving those claims may require the Court "at some point . . . to interpret state tax laws to determine whether [the defendants] engaged in unfair trade practices."

---

[6]     Plaintiff has agreed to arbitrate his dispute with Petco. *See* Dkt. Nos. 10, 11. Thus, it will be an arbitrator, and not this Court, who might be tasked with, if necessary, interpreting and applying state tax law.

*Lisowski*, 2021 WL 62627, at *3; *see also Waters*, 446 F. Supp. 3d at 488 ("[M]erely *applying* [state] law is not the standard for remand under the comity doctrine.").[7] Plaintiff does not challenge the authority of the Commonwealth to collect sales tax, nor does he challenge the validity of the state tax system. Likewise, Plaintiff does not seek to compel any action by the Commonwealth. Plaintiff only alleges consumer protection and common law claims against a private retailer in an effort to seek windfall statutory damages. Therefore, abstention on comity grounds is inapplicable.

Plaintiff also argues that this Court should decline to exercise its jurisdiction because it "would have to construe and interpret the Pennsylvania Department of Revenue's guidance and regulations, determine the weight to give that guidance, and then apply its analysis to a state tax regime." Dkt. No. 7 at 6. But four recent decisions from courts in this District have resolved similar consumer and common law claims without the need to interpret or apply the Commonwealth's tax laws and regulations. *See Ranalli v. Etsy.com, LLC*, No. 21-0088, 2021 WL 5166568, at *4 (W.D. Pa. Nov. 5, 2021) (Colville, J); *Lisowski v. Walmart Stores, Inc.*, No. 20-1729, 2021 WL 3406659, at *7 (W.D. Pa. Aug. 4, 2021) (Ranjan, J.); *James v. Aldi, Inc.*, No. 21-0209, 2021 WL 2896837, at *2 (W.D. Pa. July 9, 2021) (Horan, J.); *McLean v. Big Lots Inc.*, No. 20-2000, 2021 WL 2317417, at *4 (W.D. Pa. June 7, 2021) (Horan, J.). Regardless, comity principles do not preclude federal courts from resolving claims between two private parties merely

---

[7] Federal courts routinely interpret and apply state tax laws to decide claims before them. *See, e.g.*, *Feldman v. H.A. Berkheimer, Inc.*, 637 F. App'x 63, 64 (3d Cir. 2016) (construing the Pennsylvania Local Tax Enabling Act and the Tax Code to conclude that the district court appropriately dismissed the plaintiff's claims: "As the District Court noted, all of the [plaintiffs'] claims . . . are predicated on the same basis. Namely, they assert that [one of the plaintiff's] contributions to her 401(k) plan are not taxable by local authorities. But, as the District Court explained, they are taxable."); *In re Twisteroo Soft Pretzel Bakeries, Inc.*, 21 B.R. 665, 665 (Bankr. E.D. Pa. 1982) (interpreting the Pennsylvania Tax Code and "conclud[ing] that the sale of pretzels by the debtor falls within an exception to the sales and use tax").

because state tax law is involved. Thus, even if this Court were asked to interpret and apply "a state tax law in order to adjudicate unfair-trade claims and determine liability as between two private parties" that would not "counsel[] in favor of federal-court restraint." *Lisowski*, 2021 WL 62627, at *3.[8]

Without citing the two recent decisions from this District that are directly on point, Plaintiff relies almost exclusively on the unpublished decision in *Farneth v. Wal-Mart Stores, Inc.*, No. 13-1062, 2013 WL 6859013 (W.D. Pa. Dec. 30, 2013). *See* Mot. ¶¶ 14–15, Ex. 1. But *Farneth* is not on point. In *Farneth*, the plaintiff filed a proposed class action against a retailer for allegedly overcollecting sales tax. *Farneth*, 2013 WL 6859013, at *1. Unlike here, however, the plaintiff challenged the "validity" of a "staff opinion letter from the Pennsylvania Department of Revenue's Office of Chief Counsel" that addressed the specific tax at issue. *See id.* at *2. In addition, both parties to that action agreed that the Commonwealth was likely an indispensable party. *See id.* at *5. Under those unique (and different) circumstances, the court found that principles of comity counseled in favor of remand. *Id.* at *6; *see Lisowski*, 2021 WL 62627, at *3 n.2 (noting that the "discretionary decision to remand" in *Farneth* "was largely motivated" by the parties' position that the Commonwealth was a necessary party to that action).

---

[8] The cases cited by Plaintiff are not on point. They all involved direct challenges to the validity of a state or local tax law. *See Levin*, 560 U.S. at 417 (challenging the constitutionality of a state tax law); *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 296 (1943) ("Petitioners have challenged the state's right to collect the tax, and have interposed, as a barrier to the collection, the present suit in the federal court for a declaratory judgment."); *Sipe*, 689 F.2d at 404 (The plaintiffs' claims "turn[ed] on the underlying question of the validity of the state withholding tax system"); *Trading Co. of N. Am. v. Bristol Twp. Auth.*, 47 F. Supp. 2d 563, 567, 573 (E.D. Pa. 1999) (challenging a town's "administration of its township ordinances pertaining to sewer rents and discharge regulations.").

In this case, Plaintiff is not challenging the validity of any tax law or guidance, and the parties agree that the Commonwealth is not an indispensable party to this action. But even if *Farneth* were on point, Plaintiff has not identified a single court that has adopted or applied its comity analysis. The "confluence of factors" in the comity analysis[9] cannot "be applied in any coherent manner [in private party disputes] . . . because they all are meant to be applied to a case in which there is a broader challenge to the validity of a tax law." *Lisowski*, 2021 WL 62627 at *3. As in *Lisowski*, "comity is ill-fitting to [this] case." *Id.*; *Waters*, 446 F. Supp. 3d at 488 (holding that principles of comity did not apply because the "Court would merely have to determine whether a private entity properly collected taxes from Missouri customers making purchases through remote sales channels"); *see also id.* at 490 ("All that is being asked is for this Court to make a routine application of the in-commerce exemption. This Court declines, therefore, to abstain as a matter of comity.").

Unlike *Farneth*, this action involves claims between private parties only. It does not seek any relief from the Commonwealth and does not challenge the Commonwealth's taxing authority

---

[9] The Supreme Court in *Levin* identified the following factors that apply to a comity analysis:

> whether: (1) the challenged law concerned commercial matters over which the state enjoys wide regulatory latitude; (2) the suit requires adjudicating any fundamental right or classification to which heightened scrutiny applies; (3) the state courts are better positioned than their federal counterparts to correct any violation and provide a remedy; and (4) more than one potential remedy could adequately redress the alleged constitutional defect.

*Z & R Cab, LLC v. Phila. Parking Auth.*, 616 F. App'x 527, 531 n.8 (3d Cir. 2015) (quotation marks omitted) (citing *Levin*, 560 U.S. at 431–32). Applying these factors does not "warrant setting aside a congressional command under CAFA to take jurisdiction." *Lisowski*, 2021 WL 62627, at *3. The claims present "nothing unique, complex, or particularly tax-centric" and they "[don't] implicate any complex tax-law issues." *Id.* In addition, the court "may not even have to reach any of the tax-law issues to decide the case," the claims "are adjudicated in federal court all the time," and "whether in state or federal court, the remedies for any violations can be fashioned in similar manners." *Id.*

12

or the validity of any Pennsylvania tax law. This Court should therefore deny Plaintiff's Motion on comity grounds.

### C. The Tax Injunction Act and Principles of Comity Also Do Not Apply Because Plaintiff Agreed to Arbitrate This Dispute

The TIA and the doctrine of federal comity address when a federal court should abstain from ordering certain relief in connection with state tax issues. But, as set forth in Petco's Motion to Compel Arbitration, an arbitrator (and not a court) will decide the merits of Plaintiff's claims. Dkt. No. 10. Consequently, as this dispute will be resolved in arbitration, neither the TIA nor the comity doctrine apply for this independent reason.

The parties agree that this Court has jurisdiction under CAFA. Mot. ¶ 4 n.1. Once jurisdiction is established, district courts are instructed to resolve motions to compel arbitration under the Federal Arbitration Act ("FAA") notwithstanding any countervailing abstention arguments. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) (holding the district court's stay of a motion to compel arbitration pending state court proceedings based on comity was an abuse of discretion under the FAA). In *Moses H. Cone Mem'l Hosp.,* the district court refused to decide an arbitration motion under the *Colorado River* abstention doctrine because of a pending related state court action. *Id.* at 7. The Supreme Court held, however, that

> [t]his refusal to proceed was plainly erroneous in view of Congress's clear intent, in the [FAA], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible. The [FAA] provides two parallel devices for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, 9 U.S.C. § 3, and an affirmative order to engage in arbitration, § 4. Both of these sections call for an expeditious and summary hearing, with only restricted inquiry into factual issues.

*Id.* at 22. Thus, this Court has jurisdiction to decide Petco's threshold Motion to Compel Arbitration.

To resolve the Motion to Compel Arbitration, this Court will determine only whether Plaintiff is a party to a binding arbitration agreement that covers his dispute with Petco. This Court will not address the merits of Plaintiff's underlying claims or grant any substantive relief in connection with the Motion to Compel Arbitration. Consequentially, while neither the TIA nor federal comity principles are implicated in connection with the underlying dispute, this Court need not address those issues prior to ruling on the Motion to Compel Arbitration.

## V.   CONCLUSION

For the foregoing reasons, Petco respectfully requests that this Court deny Plaintiff's Motion for Remand.

Dated:  January 24, 2022

Respectfully submitted,

*/s/ Meredith C. Slawe*
Michael W. McTigue Jr. (PA 69548)
Meredith C. Slawe (PA 201489)
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone:  (215) 665-2000
Facsimile:  (215) 665-2013
Email:  mmctigue@cozen.com
            mslawe@cozen.com

*Attorneys for Defendant Petco Health and Wellness Company, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2022, a true and correct copy of the foregoing document was filed using the CM/ECF system, which will send notification of such filing to all current counsel of record.

*/s/ Meredith C. Slawe*
Meredith C. Slawe